**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Sandra Brietzke, et al.

v. Case No. 1:26-cv-13588

Jennifer Boal

**REPORT AND RECOMMENDATION**

Self-represented Plaintiffs Sandra Brietzke and Joshua Brietzke bring this action against Defendant Jenniefer Boal, Magistrate Judge for the District of Massachusetts. Plaintiffs' claims arise out of another action, Brietzke v. Cross Country Mortgage, No. 25-cv-10229-JCB (D. Mass.) ("Brietzke I"), over which Magistrate Judge Boal presided as the magistrate judge. Doc. No. 1 (Complaint). Plaintiffs move to proceed in forma pauperis in this action, which remains pending, and their complaint is before the court for preliminary review under 28 U.S.C. § 1915(e)(2). For the following reasons, the district judge in this case should dismiss Plaintiffs' complaint.

Legal Standard

When plaintiffs seek leave to proceed without prepayment of the filing fee, the court may conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). The statute authorizes the court to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Background

In 2025, Plaintiffs filed a case in the District of Massachusetts related to their mortgage agreement. See Brietzke I. District Judge Allison Burroughs was assigned as the district judge and Magistrate Judge Boal as the magistrate judge. Id., ECF No. 37. Magistrate Judge Boal denied Ms. Brietzke's motion to disqualify counsel. Id., ECF No. 32. Plaintiffs argue that Magistrate Judge Boal's ruling violated Supreme Court precedent. Plaintiffs contend that several of their motions filed in that action were not adjudicated. Plaintiffs allege that Magistrate Judge Boal had conflicts of interest and colluded to obscure them. Plaintiffs contend that the judges failed to consider crucial filings and affidavits and declined to permit Plaintiffs to conduct necessary discovery prior to dismissal.

Plaintiffs assert several violations of due process, criminal statutes, and common law. See Doc. No. 1 at 8 (Claims for Relief). They seek an order instituting criminal charges against Magistrate Judge Boal and payment of $10,000,000 in silver dollar coins. Id. at 11-12 (Relief Requested).

## Discussion

"[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curium). This absolute judicial immunity precludes lawsuits seeking damages against federal judges for actions taken as part of "their judicial functions." Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 108 (1st Cir. 2015).

To determine whether a judge is entitled to the protection of the judicial immunity doctrine, the court considers "whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity." Zenon, 924 F.3d at 617 (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Absolute judicial immunity bars Plaintiffs' claims because they all relate to adjudicative actions Magistrate Judge Boal took in Brietzke I. Judicial immunity is applicable even in the most egregious circumstances of judicial error. See Stump v. Sparkman, 435 U.S. 349, 362 (1978) ("grave procedural errors" by judge in allowing forced sterilization of young girl were insufficient to overcome

judicial immunity); Mireles v. Waco, 502 U.S. 9, 11 (1991) (holding that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial"). Plaintiffs' claims of conspiracy, bad faith, and malice do not overcome judicial immunity. See Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) ("[A]n allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity."). Even if Magistrate Judge Boal erred, she remains absolutely immune from suit. See Mireles, 502 U.S. at 13.

Plaintiffs' claims against Magistrate Judge Boal arise out of Magistrate Judge Boal's adjudication of Brietzke I. Plaintiffs' claims for damages are barred by absolute judicial immunity and must be dismissed on that basis, and Plaintiffs, as private citizens, lack standing to obtain relief upon any criminal statutes they cite.[1]

[1] See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Arroyo v. Bocelli, No. 13-10204-PBS, 2013 WL 512999, at *6, 2013 U.S. Dist. LEXIS 17904, at *18 (D. Mass. Feb. 8, 2013) (there is no residual power in private citizens to enforce criminal laws when United States Attorney does not prosecute (citing cases)).

## Conclusion

For the foregoing reasons, the district judge should dismiss Plaintiffs' complaint, deny their motion to proceed in forma pauperis (Doc. No. 2) as moot, and direct the clerk of court to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

August 27, 2026

cc: Sandra Brietzke, pro se
Joshua Brietzki, pro se